IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15-09902 (MCF) |
| **EDUARDO RIVERA MERCADO** | CHAPTER 7 |
| Debtor | |
| **WILFREDO SEGARRA MIRANDA, AS TRUSTEE FOR THE ESTATE OF EDUARDO RIVERA MERCADO** | ADVERSARY CASE NO. 17-00286 (MCF) |
| Plaintiff | |
| V. | |
| **BANCO POPULAR DE PUERTO RICO** | |
| Defendant | |

## <u>OPINION AND ORDER</u>

Before the Court is plaintiff Chapter 7 Trustee Wilfredo Segarra Miranda's (hereinafter "Trustee") request for judgment on the pleadings regarding avoidance and preservation actions. The Court must address whether the Trustee may avoid an unrecorded mortgage and preserve it for the benefit of the estate. Insomuch as Puerto Rico law provides that a mortgage is inexistent unless it is registered, the Trustee may not avoid an unrecorded mortgage. For the reasons that follow, the Court denies the Trustee's request for judgment on the pleadings and dismisses the adversary case against defendant Banco Popular de Puerto Rico (hereinafter "Banco Popular").

### Procedural History

The Debtor, Eduardo Rivera Mercado (hereinafter "the Debtor"), acquired real property located in Orocovis, Puerto Rico on August 21, 2002. In May 2014, the Debtor executed a note and mortgage deed over the real property in favor of Metro Island Mortgage, Inc., which was

later transferred to Banco Popular. The mortgage deed was never presented in the Puerto Rico Property Registry for the purpose of recording a lien on the real property.

The Debtor filed for bankruptcy under chapter 7 on December 15, 2015 (Case No. 15-09902, Docket No.1). Subsequently, the Trustee filed an adversary action for avoidance of the unrecorded mortgage and to preserve the avoided mortgage for the benefit of the estate. The Trustee moved for judgment on the pleadings against Banco Popular (Docket No. 10). Banco Popular opposed (Docket No. 16).

<u>Standard for Judgment on the Pleadings</u>

Rule 12(c) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7012, provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).[1] The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. Under both Rule 12(b)(6) and 12(c) standards, "[t]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." <u>Rivera–Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir.1998). <u>See also</u> <u>AIG Prop. Cas. Co. v. Cosby</u>, No. 17-1505, 2018 WL 2730762, at 1 (1st Cir. June 7, 2018). Only a complaint that states a plausible claim for relief can survive a motion to dismiss under Rule 12(b)(6) or 12(c). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

<u>Discussion</u>

The Trustee argues that the unrecorded mortgage held by Banco Popular over the Debtor's property is an avoidable transfer and therefore the lien is preserved in favor of the

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, <u>et seq</u>. All references to "Bankruptcy Rules" shall be to the Federal Rules of Bankruptcy Procedure.

estate, pursuant to 11 U.S.C. §§ 544(a)(3) and 551 (Docket No. 10, at 6). In support of his argument, the Trustee relies on In re Traverse, 753 F.3d 19 (1st Cir. 2014) and on Segarra v. Banco Popular de Puerto Rico, Case No. 16-00123, Docket No. 42, (Bankr. D.P.R., Aug. 23, 2017).

Banco Popular opposed the request stating that the mere execution of the mortgage without recordation does not constitute an avoidable transfer. Banco Popular added that the Trustee failed to acknowledge the recent holding by this Court in Segarra v. Schwarz Reitman, Adv. No. 15-00020 (MFC), which held that a trustee may not assert an avoidance or preservation action under 11 U.S.C. §§ 544 & 551, when a mortgage is unrecorded in the Property Registry in Puerto Rico.[2]

The issue presented is whether an unrecorded mortgage may be avoided as a transfer, under 11 U.S.C. § 544(a), which states in its relevant portions:

> (a) The trustee . . . may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> . . .
> (3) a bona fide purchaser of real property. . .from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a).

---

[2] Banco Popular also claims Debtor is an indispensable party under Fed. R. Bankr. P. 7019 in the adversary action because the Debtor is the owner of the real property. Under Puerto Rico Law, a party may not impact a property owner's right, like recording a mortgage, without a property owner being included in the action. Melendez Quinones v. Citimortgage, Inc., Case No. 15-00255 (MCF), Docket No. 18, (Bankr. D.P.R, December 30, 2015); Segarra v. Schwarz Reitman, Case No. 15-00020 (MCF), Docket No. 56, (Bankr. D.P.R, November 29, 2016); Metropolitan Marble Corp. v. Pichardo, 145 D.P.R. 607 (1998). Generally, when a property ownership is registered in the property registry, all parties therein must be included in the litigation involving that property. Metropolitan Marble Corp. v. Pichardo, 145 D.P.R. 607 (1998)(A judicial proceeding for the execution of judgment and public sale of a jointly owned real property is void when one of the co-owners is absent from the litigation.). See also Rodriguez Rodriguez v. Moreno Rodriguez, 135 D.P.R. 623, 627 (1994)(an indispensable party is one that could have his rights or interests affected at the moment that judgment is issued). Even parties who stand to benefit from litigation have a right to be heard in the action to ensure that the plaintiff is successful in obtaining a favorable judgment. Melendez Quinones, Docket No. 18, at 4. The Trustee may not avoid a mortgage in the Property Registry without including the Debtor in the litigation because it impacts his property rights. Even in Traverse, which the Trustee relies on, debtor was included in the adversary proceeding to avoid and preserve the mortgagee's unperfected mortgage for the benefit of the estate. In re Traverse, 753 F.3d 19 (1st Cir. 2014). In the present case, the Trustee failed to do so. The Debtor is an indispensable party and should have been included in the litigation.

Once a transfer is avoided under section 544, it may be preserved for the benefit if the estate, pursuant to 11 U.S.C. § 551.

A transfer of property occurs in any of the following situations, pursuant to 11 U.S.C. § 101(54): ". . . (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with-- (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54). State law determines how a debtor may transfer an interest in property. 2 COLLIER ON BANKRUPTCY ¶ 101.54[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017). Property interests, such as mortgages, are created and defined by state law. Butner v. United States, 440 U.S. 48, 55 (1979). "[T]he laws of Puerto Rico are the functional equivalent of state laws." Antilles Cement Corp. v. Fortuño, 670 F.3d 310, 323 (1st Cir. 2012).

Looking to Puerto Rico law, the recording of a mortgage is a necessary prerequisite to the creation of a valid lien. A lender does not have a lien or a security interest over real property unless the mortgage deed is recorded in the Property Registry. P.R. Laws Ann. tit. 31, § 5042 ("[I]t is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property."); P.R. Laws Ann. tit. 30, § 2607 ("[I]n order for voluntary mortgages to be validly constituted, it is required [. . .] that they be stipulated in a deed [and must] be recorded in the Property Registry."); Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118–19 (1st Cir. 2011).

Because Banco Popular did not record the mortgage deed over Debtor's real property in the Property Registry, a prepetition transfer never occurred in its favor. Banco Popular would have had to record the mortgage deed in the Property Registry to cause a transfer of an interest in Debtor's property. As such, section 544 prevents the Trustee from avoiding an unrecorded mortgage as transfer in Debtor's real property and preserve it for the benefit of the estate under

section 551 because an unrecorded mortgage in Puerto Rico does not constitute a transfer of property under 11 U.S.C. § 101(54).

The Trustee claims the same rights as the trustee in Traverse, where the chapter 7 trustee avoided a lender's unrecorded mortgage and preserved it for the benefit of the estate. The debtor in Traverse executed two separate mortgages to borrow money. The second mortgage was recorded; the first one was not. The trustee in Traverse was able to avoid the unrecorded mortgage as a transfer of an interest in real property because under Massachusetts law a mortgage is enforceable between the mortgagee and mortgagor, which is not the case in Puerto Rico. In re Harbour House Operating Corp., 26 B.R. 324, 331 (Bankr. D. Mass. 1982) ("[I]n Massachusetts, an unrecorded mortgage, which as between the parties would be a valid equitable interest, is invalid against third parties who do not have actual notice."). Although an unrecorded mortgage is valid between the mortgagor and mortgagee, it is not enforceable against third parties. In re Bower, 2010 Bankr. Lexis 3641 at 12)("Unrecorded mortgages are only enforceable against the granter, his or her heirs, devisees, and persons with actual knowledge of the mortgage."). Generally, a mortgage gives a mortgagee title to the real property and the mortgagor retains possessory rights, causing a transfer of interest in property. Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118, 1124 (2012). The trustee in Traverse was able to avoid the unrecorded mortgage as a transfer because under Massachusetts law an unrecorded mortgage is enforceable between the debtor and the mortgagee.

In contrast, under Puerto Rico law, an unrecorded mortgage is unenforceable among the debtor, the mortgagee and third parties. In a lien theory jurisdiction, such as Puerto Rico, the mortgagee does not obtain title transfer of the real property. In fact, the lender must record the mortgage deed in the Property Registry to acquire a security interest over the real property. P.R. Laws Ann. tit. 30 § 2607, as superseded by Act No. 210 of December 8, 2015, Article 57. If

there is a default by the mortgagor, then the mortgagee may foreclose on the real property in a judicial forum as a result of its recorded lien. P.R. Laws Ann. tit. 30 § 2701, as superseded by Act No. 210 of December 8, 2015, Article 94. However, an unperfected mortgage deed does not entitle the mortgagee the right to foreclose on the property in Puerto Rico.[3] An unrecorded mortgage deed is not considered a lien or an unperfected security interest in real property in Puerto Rico—unlike Massachusetts law, which grounds the ruling in Traverse.[4]

The Traverse court made clear that the trustee's right of preservation under section 551 simply puts the trustee in the shoes of the creditor whose lien is avoided. Traverse, 753 F.3d at 29. A mortgagee may foreclose if a debtor defaults. However, the Traverse trustee could not foreclose on the property because the debtor was current with the mortgage payments and there was lack of equity in the property for the benefit of the estate after taking into account debtor's claimed homestead. Although the trustee could avoid the unrecorded mortgage, the trustee acquired the same rights of the mortgagee to foreclose on the property.

The Trustee in the instant case cannot gain superior rights than Banco Popular who failed to record its mortgage deed in the Puerto Rico Property Registry. The mortgage lien is nonexistent under local law and consequently cannot be avoided, pursuant to 11 U.S.C. § 544.[5] Likewise, the Trustee is unable to preserve the unrecorded mortgage for the benefit of the estate under 11 U.S.C. § 551 because a transfer of property did not occur.

---

[3] To perfect an interest in real property, other than recording the mortgage in the Property Registry, the lender would have to file a collection of money action and pursue a prejudgment attachment. Laws of P.R. Ann. tit. 32, App. III R. 56. It could also record in the Registry any favorable judgment if it wishes to improve its unsecured position. Laws of P.R. Ann. tit. 30 § 2154, as superseded by Act No. 210 of December 8, 2015, Article 44.

[4] The Trustee also relies on the rationale in Segarra v. Banco Popular de Puerto Rico, Case No. 16-00123, Docket No. 42 dated August 23, 2017. Said rationale has since been supplanted in the case of Segarra v. Rosas Garcia, Case No. 17-00076, Docket No. 22. The Trustee failed to inform the Court of this adverse ruling against him in this district. The Trustee also ignores the adverse ruling entered by this Court in Segarra v. Susan Schwarz Reitman, Adv. No. 15-00020 (MFC). Rule 3.3 of the ABA Model Rules of Professional Conduct requires a lawyer to disclose to the Court adverse legal authority.

[5] The Trustee also argues in the alternative for the avoidance of Banco Popular's mortgage as a post-petition interest under 11 U.S.C. § 549, which states that "[t]he trustee may avoid a transfer of property of the estate--(1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a). This section has no bearing on the Trustee's argument because the mortgage deed in this case was executed prepetition.

Conclusion

The Court denies the Trustee's request for judgment on the pleadings (Docket No. 10), under Fed. R. Civ. P. 12(c) because in Puerto Rico an unrecorded mortgage does not cause transfer of interest in real property. Accordingly, the action is dismissed for failure to state plausible claims for relief regarding the avoidance and preservation actions under sections 11 U.S.C. §§ 544 and 551, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15 day of June, 2018.

*Mildred Caban*

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-7-